IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARY KATHERINE DUCK,

    Plaintiff,

v.                                                       No. 1:17-cv-01043-JDB-egb

MADISON COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

I.    **Background and Procedural History**

On March 13, 2017, Plaintiff, Mary Katherine Duck, filed a *pro se* complaint on the Court-provided form for employment discrimination[1] under "Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17" ("Title VII"), the "Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634" ("ADEA"), and the "Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117" ("ADA"), against Defendant, the Madison County Sheriff's Department ("Sheriff's Department"), as well as a motion for leave to proceed *in forma pauperis*. (Docket Entry ("D.E.") 2; D.E. 1 at PageID 1.)

Plaintiff alleges that Defendant discriminated against her—via "[t]ermination of [her] employment" and "[u]nequal terms and conditions of [her] employment"—because she "was more . . . than 40 years old," white, female, and dyslexic. (D.E. 1 at PageID 3-4.) Duck attached to her complaint a December 21, 2016 letter from the United States Equal Employment Opportunity

---

[1]This form can be accessed via the Court's website by clicking the "Pro Se Litigants" tab and then selecting "form documents." W.D. Tenn., *Pro Se* Complaint Form for Employment Discrimination, https://www.tnwd.uscourts.gov/pdf/content/ProSeEmploymentComplaint.pdf.

Commission ("EEOC") notifying her of her right to sue and determining that, "[b]ased upon its investigation," it was "unable to conclude that the information obtained establishes violations of the statutes." (D.E. 1-1 at PageID 7 (instructing on PageID 9 that in bringing a suit under Title VII, the ADA, or the ADEA, "[y]ou must file a 'complaint' that contains a short statement of the facts of your case which shows that you are entitled to relief").) Although Plaintiff's complaint includes a single run-on sentence asserting the facts of her case,[2] a typed letter attached to her complaint—also dated March 13, 2017—more clearly explains her factual allegations as follows:

> In January of 2014[,] three white males in their 20's and one white female in her 50's were hired as correctional officers with the Madison County Sheriff's Department. On November 5, 2014, I broke my finger in the line of duty and was terminated. I followed all policies and procedures but yet the explanation given for my termination was not living up to the standards of a correctional officer. During the period of time I was employed with the Madison County Sheriff's Department, I was never approached with any negative comments about my job performance. The three white males I hired in with are all still employed with the Sheriff's Department. I was the only correctional officer in this group that was terminated.

(D.E. 1-3.)

Pursuant to Administrative Order No. 2013-05, this action was referred to United States Magistrate Judge Edward Bryant on March 15, 2017, for management of all pretrial matters. (Admin. Order 2013-05, Apr. 29, 2013.) That same day, the magistrate judge granted Duck *in forma pauperis* status. (D.E. 7.) On November 15, 2017, Judge Bryant ordered the Clerk to issue process for Defendant, which was effected on November 22, 2017. (D.E. 14; D.E. 8.)

On January 8, 2018, after the Court granted Defendant "an extension of time to serve responsive pleadings," (D.E. 13), the Sheriff's Department filed a motion "to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure," (D.E. 15 at PageID 36).

---

[2]Duck's handwritten "facts of [her] case" in her complaint are as follows, without corrections: "I was hired in January of 2014 threr was three Male in their 20's and me in my 50's I broke my finger on Nov 3 2014 I was Let going The three Male or still employed." (D.E. 1 at PageID 4.)

Defendant argued that because "[i]t is well settled that governmental departments such as sheriff's departments are not suable entities. . . . Plaintiff's claims must be dismissed." (D.E. 15-1 at PageID 39-40 (citing *Jones v. Union Cty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002)) (collecting cases).) Instead of responding to the Sheriff's Department's substantive arguments, Duck filed a letter on January 31, 2018, that she wrote to counsel for Defendant, maintaining that she "ha[d] no intentions to dismiss this case."[3] (D.E. 17.)

In the report and recommendation issued on May 21, 2018, the magistrate judge "recommended that Plaintiff's claims be dismissed" and "that this Court [grant] Defendant['s] Motion to Dismiss without prejudice." (D.E. 18 at PageID 47.) Citing *Jones v. Union Cty., Tenn.*, 296 F.3d at 421, and several Tennessee district court cases, Judge Bryant agreed with "Defendant['s] assert[ion] that the Madison County Sheriff's Department is not an entity subject to suit." (*Id.*)

According to the Court's docket, no objections to the report and recommendation have been submitted pursuant to 28 U.S.C. § 636(b)(1), and the time for such filings has passed. *See* Fed. R. Civ. P. 72(b).

---

[3]In her letter, Plaintiff also stated that "[a]t this time, [she] [was] adding additional names that were directly involved in the actions that took place when [her] complaint was filed" and then listed Captain Tom Rudder, Lieutenant Harold Petty, Sergeant Stanley Flowers, and Sergeant Victoria Cox. (D.E. 17.) Because Plaintiff's letter was not filed within twenty-one days of service of the motion to dismiss, she was required to submit a motion requesting the Court's permission to amend her complaint. Fed. R. Civ. P. 15(a)(1)-(2); *see Rathinam v. Ashok Spiritual Healing Ctr.*, No. 3:14-cv-103, 2015 WL 4985117, at *2 (S.D. Ohio Aug. 21, 2015) ("declin[ing] [the *pro se* plaintiff]'s renewed request to construe the [c]omplaint . . . as if it were a motion for leave to amend," as "[n]othing in the [c]omplaint . . . addresse[d] why such leave should be granted under Rule 15(a)(2)"). Moreover, Duck failed to allege any facts in her complaint or letter pertaining to the "actions" in which these four named individuals "were directly involved." (D.E. 17); *see Carrington Mortg. Servs., L.L.C. v. Fall Oaks Farm, L.L.C.*, Nos. 15-3087, 15-4075, 16-3186, 2017 WL 4804417, at *2 (6th Cir. May 9, 2017) ("A motion to amend a complaint should be denied if the amendment . . . would be futile." (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995))). Accordingly, the Court declines to construe Plaintiff's letter as a motion to amend her complaint or as an amended complaint.

3

## II. Applicable Law for Reviewing the Magistrate Judge's Report and Recommendation

When objections are filed with respect to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). While "a district judge is not required to review a magistrate's report" "when no objections are filed," *Cameron v. Comm'r of Soc. Sec.*, No. 14-11622, 2016 WL 1223437, at *1 (E.D. Mich. Mar. 29, 2016) (citing *Thomas v. Arn*, 474 U.S. 140, 152 (1985)), the judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Jackson v. Dep't of Human Servs.*, No. 3:09-0038, 2009 WL 2043641, at *1 (M.D. Tenn. July 9, 2009). "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas*, 474 U.S. at 150.

"The text of [Federal] Rule [of Civil Procedure] 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made." *Wood v. Warden*, No. 3:15CV775, 2016 WL 6476277, at *2 (N.D. Ohio Nov. 2, 2016). However, the Advisory Committee on Civil Rules indicated in a note to Rule 72's 1983 amendment that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 amendment.

## III. Analysis

Upon reviewing the report and recommendation and the entire record, the Court agrees that the Madison County Sheriff's Department "is not a suable entity under Tennessee law." *Boyd v.*

*City of Millington*, No. 15-cv-2642-SHL-cgc, 2015 WL 13080882, at *1 (W.D. Tenn. Dec. 9, 2015). The Sixth Circuit has held "that '[s]ince the [p]olice [d]epartment is not an entity which may be sued, [the] [c]ounty is the proper party to address the allegations of [the plaintiff's] complaint.'" *Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010) (quoting *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Jones v. Union Cty., Tenn.*, 296 F.3d at 422-23 (explaining that the plaintiff, who conceded in her response to the defendants' motion for summary judgment that a Tennessee county "[s]heriff's [d]epartment could not be sued," did not appeal the district court's "ruling that [the] [p]laintiff's 42 U.S.C. § 1983 claim against the [s]heriff's [d]epartment was dismissed because under *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), a county sheriff's department could not be sued").

At the district court level, "Tennessee federal courts have routinely held that police departments cannot be sued." *Moore v. Henderson Cty. Sheriff's Dep't*, No. 13-1243, 2014 WL 1745017, at *13 (W.D. Tenn. Apr. 30, 2014) (collecting cases) (granting the "[d]efendants' motion for summary judgment on all claims against the [city] [p]olice [d]epartment" because "the [c]ity . . . and not the [p]olice [d]epartment, is 'the proper party to address the allegations of [the] complaint'" (quoting *Matthew v. Jones*, 35 F.3d at 1049)); *see Grace v. City of Ripley, Tenn.*, No. 2:16-cv-02395-JPM-dkv, 2017 WL 835206, at *5 & n.2 (W.D. Tenn. Mar. 2, 2017) ("Since the Sixth Circuit's decision in *Matthews*, district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."). "Under Tennessee law, a police department is not an entity separate from a municipality that is capable of being sued." *Boyd*, 2015 WL 13080882, at *2 (citation omitted) (ruling that "as a mere municipal department with no legal identity separate from that of the [c]ity . . . [its] [p]olice [d]epartment [was] not a proper defendant").

5

Duck named the Madison County Sheriff's Department as the sole defendant in this case. (D.E. 1.) Sixth Circuit precedent dictates that Defendant should prevail on its motion to dismiss. Thus, because the "Sheriff's Department is not a legal entity separate from [Madison] County, Tennessee," Plaintiff's claims against the Department must fail. *Hargrow v. Shelby Cty., Tenn.*, No. 13-2770, 2014 WL 3891811, at *1 n.1 (W.D. Tenn. Aug. 7, 2014) (citation omitted).

## IV. Conclusion

In light of the foregoing, the Court ADOPTS the magistrate judge's report and recommendation. (D.E. 18.) Defendant's motion to dismiss Plaintiff's claims is GRANTED, and this matter is DISMISSED without prejudice. (D.E. 15.)

IT IS SO ORDERED this 13th day of June 2018.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE